The Court,
in charging the jury, told them there were two points for their consideration, as the third ground seemed to be given up j first, the good condition or seaworthiness of the vessel before she went to sea. Secondly, the conduct of the captain. Should they be of opinion, from the testimony, that the vessel was not in a proper condition, it would vitiate the policy; as good faith on these occasions was essentially requisite. That the insurers could receive the necessary information, from no other quarter than from the master or owner; and if they respresent a ship to be stout and staunch, and every way equipped for sea, when in fact she is not — -that is such a misrepresentation as will exonerate the underwriters. On the contrary, if they should think the brig was in good order, and fit for sea when she sailed, then the defendants undertook for every risk afterwards. With respect to the second point, it was clear that every unnecessary deviation or departure from, the voyage, equally with the unfitness of the vessel for sea, made the policy void. But where such deviation was owing to stress of weather, unavoidable accidents, or with a view to avoid an enemy, or the like-' — then every such case formed an exception to the general rule.
Verdict for plaintiffs.